**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JARROD ZANON,**
1016 ½ Parsons Ave, Apt. 4
Columbus, OH 43206

Plaintiff,

v.

**ARPITA, LLC**
**d/b/a GERMAN VILLAGE INN,**
920 South High Street
Columbus, Ohio 43206
c/o Registered Agent:
Bhikha Patel
4182 E. Main Street
Columbus, Ohio 43213

Defendant.

Case No. 2:18-cv-415

JUDGE

MAGISTRATE JUDGE

**Jury Demand Endorsed Hereon**

**COMPLAINT**

NOW COMES Plaintiff Jarrod Zanon ("Plaintiff") and proffers this Complaint for damages against Defendant Arpita, LLC d/b/a German Village Inn ("Defendant").

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMWFSA"), and the Ohio Prompt Pay Act, R.C. Chapter 4113.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Jarrod Zanon is an individual, a United States citizen, and a resident of Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined by the FLSA and Ohio law.

7. Defendant Arpita, LLC d/b/a German Village Inn, is an Ohio Limited Liability Company registered to do business in Ohio.

8. Upon information and belief, Defendant operates a hotel located at 920 South High Street, Columbus, Ohio 43206 in Franklin County, Ohio.

9. At all times relevant herein, Defendant was a "covered employer" as defined in the FLSA and OMFWSA.

10. At all times relevant herein, upon information and belief, Defendant was engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of sales or business of at least $500,000.

## FACTUAL BACKGROUND

11. Plaintiff began working for Defendant in or around February 2015.

12. At all times relevant herein, Plaintiff worked in the position of "Night Audit." Plaintiff's primary duties include checking hotel patrons into their rooms, answering telephone calls, fulfilling guest requests, and periodically patrolling the parking lot.

13. At all times relevant herein, Plaintiff has worked third shift. His shift typically begins at or before 11:00 p.m. and ends at or after 7:00 a.m.

14. Plaintiff works six nights per week, Monday through Saturday.

15. During certain busier times (e.g. spring break, summer, and Ohio State football season), Plaintiff works up to two or more hours beyond his regularly scheduled end time.

16. Plaintiff does not take meal breaks during his shift.

17. Plaintiff is typically the only person working at Defendant's facility during the night shift. Thus, he cannot leave his work area for more than a few minutes.

18. At the beginning of his employment, Plaintiff was paid ten dollars ($10.00) per hour.

19. Throughout Plaintiff's entire employment, he has worked forty-six (46) or more hours per week.

20. For a few months at the beginning of his employment, Plaintiff was paid at a rate of one and one-half times his regular pay rate for all hours worked in excess of 40.

21. However, in or around August 2015, Defendant's Manager, Chirat Patel, told Plaintiff that he could no longer afford to pay Plaintiff at his overtime rate.

22. Thereafter, Defendant stopped paying Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 each workweek.

23. Additionally, Defendant stopped paying Plaintiff for any hours he worked in excess of 40 each workweek.

24. Defendant's decision to pay plaintiff his proper overtime rate of pay, then cease doing so, demonstrates a willful violation of law.

25. Defendant continued to require Plaintiff to work approximately 46 or more hours per week.

26. Defendant only pays Plaintiff for 40 hours per week and Plaintiff's paystubs indicate the same.

27. During Plaintiff's employment with Defendant, he has not been compensated for all hours he worked, including overtime hours.

**COUNT I**
**(FLSA – Failure to Pay Minimum Wage)**

28. All of the preceding paragraphs are realleged as if fully rewritten herein.

29. Defendant violated, and continues to violate, the FLSA, 29 U.S.C. § 206(a), by not paying Plaintiff minimum wage for all hours worked.

30. Defendant knew or should have known of the minimum wage payment requirement of the FLSA.

31. Plaintiff is not exempt from the provisions of the FLSA, and Defendant knew or should have known that Plaintiff is entitled to be paid no less than the minimum wage payment for all hours worked.

32. Defendant knowingly and willfully fails to properly pay Plaintiff for all hours worked.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages. Plaintiff is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

**COUNT II**
**(OMFWSA and §34(a) of the Ohio Constitution– Failure to Pay Minimum Wage)**

34. All of the preceding paragraphs are realleged as if fully rewritten herein.

35. Defendant has violated and continues to violate the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq*. and Section 34(a) of the Ohio Constitution by not paying Plaintiff minimum wage for all hours worked.

36. Defendant's knowing failure to properly pay Plaintiff is a violation of Chapter 4111 of the O.R.C and Section 34(a) of the Ohio Constitution.

37. For Defendant's violation of O.R.C. 4111 and Section 34(a) of the Ohio Constitution, Plaintiff is entitled to recover unpaid wages, an additional two (2) times the unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

**COUNT III**
**(FLSA - Failure to Pay Overtime)**

38. All of the preceding paragraphs are realleged as if fully rewritten herein.

39. Plaintiff has been an employee of Defendant within the previous three years of the filing of this Complaint. Plaintiff is currently employed by Defendant.

40. Plaintiff is not exempt from the overtime requirements of the FLSA.

41. Plaintiff is not paid an overtime premium for all hours worked in excess of 40 in a workweek at his regular rate of pay.

42. Defendant is aware that Plaintiff works more than 40 hours per week but does not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per week.

43. Defendant knew of the overtime payment requirement of the FLSA and that Plaintiff is a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

44. Defendant's refusal to properly compensate Plaintiff as required by the FLSA is a willful violation.

45. As a direct and proximate result of Defendant’s conduct, Plaintiff has suffered and continues to suffer damages. Plaintiff is entitled to recover unpaid wages, liquidated damages, interest, attorneys’ fees and costs, punitive damages, and all other remedies available under the FLSA.

**COUNT IV**
**(OMFWSA - Failure to Pay Overtime)**

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. This claim is brought under Ohio law.

48. Defendant's knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was and is a violation of Section 4111.03 of the Ohio Revised Code.

49. For Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys’ fees, and all other remedies available under Ohio law.

**COUNT V**
**(R.C. 4113.15 – Failure to Tender Pay by Regular Payday)**

50. All of the preceding paragraphs are realleged as if fully rewritten herein.

51. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant to pay its employees within thirty (30) days of the performance of compensable work.

52. Defendant failed and continues to fail to make proper wage payments to Plaintiff for all hours worked.

53. By failing to make the wage payments within 30 days of when such payments are due, Defendant is violating R.C. 4113.15.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and Ohio law;

B. An award of monetary damages, including unpaid minimum wages and unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

C. An award of statutory and/or liquidated damages and/or treble damages as a result of Defendant's violations;

D. An award of prejudgment and post judgment interest;

E. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

F. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

*/s/Greg Mansell*

Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Greg R. Mansell*

Greg R. Mansell (0085197)